**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KONG SUN HERNANDEZ, | No. 11-73852 |
| Petitioner, | Agency No. A023-509-514 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2013
Seattle, Washington

Before: GILMAN,** McKEOWN, and IKUTA, Circuit Judges.

Kong Sun Hernandez, a lawful permanent resident, petitions for review of the

Board of Immigration Appeals's (BIA's) dismissal of her appeal from an immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

judge's (IJ's) order of removal. Hernandez contends that the IJ and the BIA erred in finding that she had acted "for commercial advantage" within the meaning of 8 U.S.C. § 1101(a)(43)(K)(ii) when she committed a federal prostitution offense, and therefore erred in classifying her offense as an aggravated felony. She also contends that the IJ unfairly precluded her from presenting evidence negating the inference of commercial advantage. Our disposition of the second issue obviates the need to address the first.

In September 2004, Hernandez was charged in a four-count indictment with conspiracy to smuggle and transport illegal aliens, transportation in furtherance of prostitution, bringing illegal aliens to the United States for financial gain, and smuggling illegal aliens. Hernandez ultimately pleaded guilty in September 2005 to the charge of transportation in furtherance of prostitution, in violation of 18 U.S.C. § 2421. She was sentenced for this offense to six months of imprisonment, followed by three years of supervised release, and was ordered to pay a $5,000 fine.

When Hernandez was initially indicted, the Department of Homeland Security (DHS) commenced removal proceedings against her. The DHS subsequently alleged, based on Hernandez's September 2005 guilty plea, that Hernandez was removable from the United States under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), because she had been convicted of an

aggravated felony as defined in INA § 101(a)(43)(K)(ii), 8 U.S.C. § 1101(a)(43)(K)(ii). According to the DHS, Hernandez's conviction for transportation in furtherance of prostitution under 18 U.S.C. § 2421 amounted to an aggravated felony because she committed that offense "for commercial advantage" within the meaning of 8 U.S.C. § 1101(a)(43)(K)(ii).

Hernandez's case came before an IJ on her motion to terminate the removal proceedings. In September 2007, the IJ granted the motion to terminate, finding that the government had not sustained its burden of proving by clear and convincing evidence that Hernandez committed the prostitution offense for commercial advantage. This ruling was grounded in the IJ's conclusion that the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), as well as this court's decision in *Tokatly v. Ashcroft*, 371 F.3d 613 (9th Cir. 2004), required that the inquiry as to whether Hernandez committed the prostitution offense for commercial advantage be limited to her record of conviction. The IJ therefore refused to consider the government's evidence in the form of a Presentence Report (PSR) and the deposition testimony of Hernandez's smuggling confederate Ki Pil (or Kipil) Hong. Hernandez was accordingly found not removable because the record of her conviction, considered without regard to any extraneous evidence, did not support a finding of commercial advantage.

The BIA reversed, holding that "the Immigration Judge should have looked beyond [Hernandez's] record of conviction to determine whether her 2005 offense was committed for 'commercial advantage.'" *See Nijhawan v. Holder*, 557 U.S. 29, 32 (2009) (holding that when the definition of an aggravated felony contains a requirement, such as the commercial-advantage requirement, that is not an element of the underlying crime, but rather "refers to the particular circumstances in which an offender committed" the crime, courts may go beyond the alien's record of conviction to determine whether the government has satisfied its burden of proving that requirement); *see also Kawashima v. Holder*, 615 F.3d 1043 (9th Cir. 2010) (acknowledging that *Nijhawan* permits an inquiry beyond the four corners of the record of conviction).

The BIA therefore remanded the case for a determination of whether, in light of the government's submitted evidence, Hernandez committed the prostitution offense for commercial advantage. "Upon remand," wrote the BIA, Hernandez "should be given an opportunity to present new evidence, including any evidence that may contradict the Pre-Sentence Report, which indicates that the respondent received $2,500 for transporting a Korean national for the purpose of prostitution."

The key question on this petition for review is whether Hernandez was in fact given an opportunity to do so. In this respect, the transcript of the hearing before the

IJ on remand is ambiguous. The transcript could be interpreted to indicate that Hernandez's counsel affirmatively declined to present any evidence beyond the record of conviction. But the transcript could just as reasonably be interpreted to indicate that counsel was awaiting a scheduled (and subsequently canceled) evidentiary hearing before submitting extra-record evidence to negate any proof of commercial advantage.

We are inclined to give counsel, who is a seasoned immigration attorney, the benefit of the doubt. After all, an evidentiary hearing was called for by the Immigration Court Practice Manual, had been scheduled in this case, and was the only reason that the BIA remanded the case to the IJ in the first place. We therefore direct that this case be again remanded to the IJ for the submission of evidence by both the government and Hernandez on the commercial-advantage issue. Obviously, our decision to remand should not be taken as expressing any opinion on the merits of Hernandez's claim.

Petition **GRANTED;** case **REMANDED.**